UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C., a Philadelphia corporation, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>SPREEMO, INC. and THE HARTFORD FINANCIAL SERVICES GROUP,<br><br>　　　Defendants. | Case 5:18-cv-1902-LAS |

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS

　　This matter coming before the Court on Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), after reviewing and considering the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

　　1.　　Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as provided in the Settlement Agreement attached to the Motion, is preliminarily approved as a fair, reasonable, and adequate settlement in the best interests of the Settlement Class, considering the factual, legal, practical, and procedural issues presented in this action. The settlement appears to have resulted from informed, good faith, arm's-length negotiations between the parties, with assistance from a professional, experienced mediator, and is not the product of collusion. The settlement is within the range of reasonableness. The settling parties

have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and certify the Settlement Class for purposes of entering final judgment. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Rule 23, by stipulation of the parties, and for the purposes of settlement, the Court hereby certifies the following "Settlement Class":

> All persons or entities successfully sent one or more faxes by or on behalf of Spreemo Health on January 5, 2017, January 9, 2017, January 10, 2017, January 12, 2017, March 13, 2017, March 15, 2017, or March 16, 2017, stating that Spreemo Health is a diagnostic testing vendor for The Hartford, but excluding any person or entity that was a Diagnostic Testing Provider whose primary function was performing x-rays, MRIs, or CAT scans.

Also excluded from the Settlement Class are: (1) Defendants, any parent, subsidiary, affiliate, or controlled person of either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their offices or firms; and (3) the judge(s) assigned to the Action and his or her staff.

3.     The Court finds that certification for purposes of settlement is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class that predominate over any question affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the

Settlement Class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Robert W. Mauthe, M.D., P.C. as the "Class Representative" and appoints Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC as "Class Counsel."

5.     On the recommendation and agreement of the parties, the Court appoints Class-Settlement.com as the Settlement Administrator.

6.     It appears that the Court will be able to conclude, pursuant to Rule 23(e)(2) and after notice to the Settlement Class, that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing class-member claims (direct notice by facsimile and U.S. Mail and a simple, one-page claim form with minimal and fair requirements), (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) the Settling Parties submitted copies of the signed Settlement Agreement; and (d) the settlement treats class members equitably relative to each other.

7.     Therefore, good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final

Approval Order, and whether to grant Class Counsel's requested fee and expense award and request for a service award to the Class Representative.

8. The proposed Class Notice attached as Exhibit 1 to the Settlement Agreement informs members of the Settlement Class of the Final Approval Hearing and informs them of their right to request exclusion from the settlement or to object to it. The Class Notice includes the Claim Form required to obtain monetary benefits in the settlement. The Court finds that the Class Notice and its attached Claim Form comply with Rule 23, are appropriate, and they are approved and adopted.

9. The Agreement provides and the parties propose that the Class Notice should be sent both by facsimile and by first-class U.S. Mail to the Notice List identifying the various fax numbers that appear to have been sent the facsimiles at issue, and their presumed holders or users and their mailing addresses. The Class Notice and Claim Form, the Settlement Agreement, the Amended Class Action Complaint, and this Preliminary Approval Order will be made available to class members on the Settlement Website.

10. The Court finds that the Settlement Agreement's plan for notifying the Settlement Class by both mail and facsimile will satisfy Rule 23(c)(2)(B)'s requirement of providing "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and satisfy the requirements of due process. Consequently, the notice plan is approved and adopted, no other notice is necessary, and the Settlement Administrator is Ordered to issue the Class Notice as proposed.

11. Any member of the Settlement Class may request exclusion from the Settlement Class by following the instructions and procedures set forth in the Settlement Agreement and the Class Notice before the expiration of the deadline set below to request exclusion. The Court will rule on all exclusion requests in the Final Approval Order.

12. Any member of the Settlement Class who does not request exclusion may object to the Settlement Agreement, Class Counsel's requested fee award, or the request for an incentive or service award to Plaintiff by following the instructions and procedures set forth in the Settlement Agreement and the Class Notice before the expiration of the deadline set below to object to the settlement.

13. The Court hereby sets the following deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) The Settlement Administrator shall send the Class Notice by fax and mail by January 7, 2022;

(b) Settlement Class members must file a Claim Form in the manner and form indicated in the Notice on or before March 8, 2022;

(c) Requests for exclusion from the Settlement Class must be filed with the Court on or before March 8, 2022, or be forever barred; and

(d) Objections and motions to intervene, including supporting briefs, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel, on or before March 8, 2022, or be forever barred;

(e) Briefing in support of final approval of the settlement, including attorney's fees and expenses to Class Counsel and the requested service award to Plaintiff shall be filed by March 29, 2022;

(f) Declaration by the Settlement Administrator regarding class notice shall be filed by March 29, 2022; and

(g) The final approval hearing is hereby scheduled for April 19, 2022, at 2:00 p.m. in Courtroom 3-E.

                                            BY ORDER OF THE COURT

                                            /s/ Lynne A. Sitarski
                                            Honorable Judge Lynne A. Sitarski

Dated: 12/17/2021