UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C., a Philadelphia corporation, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SPREEMO, INC. and THE HARTFORD FINANCIAL SERVICES GROUP,<br><br>    Defendants. | Case 5:18-cv-1902-LAS<br><br>Hon. Lynne A. Sitarski |

# FINAL APPROVAL ORDER

On December 17, 2021, this Court entered an order (the "Preliminary Approval Order") granting preliminary approval to the settlement between plaintiff Robert W. Mauthe, M.D., P.C. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and defendants Spreemo, Inc. and The Hartford Financial Services Group ("Defendants"), as memorialized in their Settlement Agreement filed with the Court on November 17, 2021 (the "Settlement Agreement"), and directing notice to the Settlement Class.

On April 19, 2022, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate, advance notice and invited to appear. All persons requesting to be heard in accordance with the Preliminary Approval Order were given an opportunity to be heard. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Service Award, and

1

Attorney's Fees and Expenses, and all other evidence submitted, and good cause having been shown, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

3. The following Settlement Class is certified for purposes of settlement and judgment pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e): "All persons or entities successfully sent one or more faxes by or on behalf of Spreemo Health on January 5, 2017, January 9, 2017, January 10, 2017, January 12, 2017, March 13, 2017, March 15, 2017, or March 16, 2017, stating that Spreemo Health is a diagnostic testing vendor for The Hartford, but excluding any person or entity that was a Diagnostic Testing Provider whose primary function was performing x-rays, MRIs, or CAT scans." Also excluded from the Settlement Class are (1) Defendants, any parent, subsidiary, affiliate, or controlled person of either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their offices or firms; and (3) the judge(s) assigned to the Action and his or her staff.

4. The Court finds that certification of the Settlement Class is appropriate under Federal Rule of Civil Procedure 23(a), (b)(3), and (e) because: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law

and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff has fairly and adequately protected the interests of the class; (e) Phillip A. Bock of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC are adequate and appointed "Class Counsel"; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

5. Plaintiff, Robert W. Mauthe, M.D., P.C., is appointed as the Class Representative.

6. After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable.

7. As required by Rule 23 (e) (2), the Court finds that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and facsimile and a simple, one-page claim form with minimal and fair requirements), (iii) the

terms of the proposed award of attorney's fees, including timing of payment, and (iv) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical, and procedural considerations presented.

8. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions.

9. All members of the Settlement Class who did not request exclusion, or whose exclusion request was not approved by the Court, are bound by this Order finally approving the Settlement. Each Class Member (including any person or entity claiming by or through him, her, or it) shall be bound by the Settlement Agreement, including the Releases set forth in the Settlement Agreement. The Settlement Agreement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement.

10. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the Class Notice was distributed by U.S. Mail and by facsimile to the Notice List of

potential members of the Settlement Class. Further, the Settlement Administrator posted the Settlement Agreement, the Preliminary Approval Order, Class Notice and the Claim Form, and the Amended Class Action Complaint on the website class-settlement.com, where those documents could be viewed by persons who received the Class Notice.

11. The Court concludes that notice to the Settlement Class: (1) fully complied with the requirements of Federal Rule 23(c)(2)(B) and Constitutional due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action, the settlement terms, and their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this Action. The Court also finds that the Parties have satisfied the requirements of Federal Rule 23(e)(1).

12. No objections were received.

13. One person, Orthopedic Services, LLP, requested exclusion from the Settlement Class, which exclusion is approved by the Court.

14. Defendants have created a total settlement fund of $3,622,800.00 (the "Settlement Fund") to pay approved claims, class action notice and settlement administration costs, attorney's fees and expenses to Class Counsel, and a service award to Plaintiff.

15. Each Settlement Class member who submits a timely, valid, and non-duplicative Claim Form that is approved shall be mailed a check from the Settlement Fund for $200.00 for each of the Settlement Faxes that were sent to their fax number(s) as shown by the Transmission Logs. The Settlement Administrator will mail the settlement checks within 15 business days after receiving funds from Defendants. Checks issued to the claimants will be void 181 days after the date of issuance as indicated on the settlement check. The Settlement Administrator shall return all funds from stale checks, as instructed by Defendants' counsel.

16. As agreed between the parties, the Court approves Class Counsel's request for attorney's fees in the total amount of $1,207,600.00 and out-of-pocket expenses of $17,375.53. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

17. As agreed between the parties, the Court approves a $15,000 service award to the named Plaintiff, Robert W. Mauthe, M.D., P.C., for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

18. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Court orders the Parties to the Settlement Agreement to carry out their respective obligations under that Agreement.

19. This action is hereby dismissed with prejudice and without taxable costs to any Party. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

20. Claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it regarding, related to, or arising from the Settlement Faxes (as defined in the Settlement Agreement) that are brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum.

BY ORDER OF THE COURT

Dated: ___4/21/2022____     __/s/ Lynne A. Sitarski_____
                            LYNNE A. SITARSKI
                            United States Magistrate Judge